WECHSLER, Judge (dissenting). {28} I do not believe that, as an extension of Granville, “society is prepared to recognize as reasonable” the privacy expectation in this case. Granville, 2006-NMCA-098, ¶ 11, 140 N.M. 345, 142 P.3d 933. {29} In Granville, this Court addressed the issue of “whether Article II, Section 10, of the New Mexico Constitution prohibits the warrantless search of an individual’s garbage bags placed in trash containers located in an alley behind a residence” where the defendant resided. Granville, 2006-NMCA-098, ¶¶ 1, 3, 140 N.M. 345, 142 P.3d 933. We concluded that “an individual in New Mexico has a reasonable expectation of privacy in his garbage placed for collection in an opaque container.” Id. ¶ 33. The issue before us in this case is whether this constitutional protection extends beyond the facts of Granville to garbage placed in a motel dumpster. {30} I do not believe that there is a reasonable expectation of privacy in these circumstances. I do not reach this view because such garbage does not reveal the individual’s private matters or that an individual can have a reasonable expectation of privacy in garbage placed for collection in an opaque container; these were predicate propositions of Granville. Nor do I reach this conclusion because a motel guest does not have a privacy interest in a motel room; a motel guest has the same rights concerning the search of the room that apply to the search of a residence. See Zamora, 2005-NMCA-039, ¶ 14, 137 N.M. 301, 110 P.3d 517. Rather, I arrive at my conclusion because I believe that, when viewed objectively, a motel guest does not have a reasonable expectation of privacy in garbage placed outside of the motel room in a dumpster. {31} First, in my opinion, a dumpster in a parking lot cannot reasonably be viewed as part of the motel room. I consider the general and reasonable expectation for garbage disposal in a motel room to be that the guest would deposit the garbage in a trash container provided by the motel in the room. A motel room is different from a residence in this -regard. At a residence, as indicated by Granville, the resident has the responsibility to place the garbage at the collection point outside of the residence. Granville, 2006-NMCA-098, ¶ 32, 140 N.M. 345, 142 P.3d 933. Thus, I do not consider eases such as Zamora that draw a parallel between a motel room and a residence for search and seizure purposes to control this case. {32} Second, I view the issue, at least in part, as one of control. An individual who disposes of garbage outside a residence, as in Granville, has nearly full control of the garbage until it is collected. That is, the individual has not ceded control, and if the individual chooses to retrieve items placed for collection, there is not difficulty in doing so. On the other hand, an individual placing garbage in a dumpster at a motel does not have the same level of control; it is significantly more difficult to retrieve garbage because it is intermingled with garbage that did not originate from the individual. Moreover, the motel, which has no relation to the individual for this purpose, has overall control of the dumpster and the collection of garbage within it. See Granville, 2006-NMCA-098, ¶ 31, 140 N.M. 345, 142 P.3d 933 (adopting the reasoning of State v. Galloway, 198 Or.App. 585, 109 P.3d 383 (2005), that when an individual makes arrangements for collection of garbage, the individual has a reasonable expectation the collection will take place as arranged). An individual disposing of garbage in this manner has ceded control of it and has placed the garbage beyond the individual’s zone of privacy. {33} I thus do not believe that a motel guest has a reasonable expectation of privacy in garbage disposed of in the motel’s dumpster outside of the guest’s room and respectfully dissent from the opinion of the Court.